IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Andrew R. Perrong<br>1657 The Fairway #131<br>Jenkintown, PA 19046<br><br>      Plaintiff<br><br>vs.<br><br>Viasat, Inc.<br>1209 Orange St.<br>Wilmington, DE 19801<br><br>      Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### Preliminary Statement

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. . . . For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Pol. Consultants LLC*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff Andrew R. Perrong ("Plaintiff"), brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance calling practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

3. The Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes.

1

## Parties

4. Plaintiff Andrew R. Perrong is a Pennsylvania resident, and a resident of this District.

5. Defendant Viasat, Inc. is a Delaware corporation headquartered in Carlsbad, California. Its address for service of process is 1209 Orange St. Wilmington, DE 19801. Defendant Viasat, Inc. provides satellite internet services within this District.

6. The Defendant engaged in calling activity into this District, as it did with the Plaintiff.

## Jurisdiction & Venue

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740 (2012).

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls and text messages to the Plaintiff were placed into this District.

## The Telephone Consumer Protection Act

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the automated calling industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The TCPA Prohibits all Automated Calls To Protected Numbers</u>

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an

automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

11. Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), or because the numbers are assigned to services, like Mr. Perrong's VoIP service, for which the called party is charged, thus shifting the cost of automated or prerecorded telephone calls onto consumers. *See Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2363, (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live calls, and such calls can be costly and inconvenient.

13. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

14. This cause of action applies to users of any one of the four protected services (pager, cellular, specialized mobile radio [i.e. radiotelephony locator beacons or dispatch systems], or another radio common carrier service [i.e. ship-to-shore or air-to-ground]), or *any* service, including residential, VoIP, and landline services, for which the called party is charged for the call. *See Perrong v. Victory Phones LLC*, No. 20-5317 (E.D. Pa. July 15, 2021).

The Growing Problem of Automated Telemarketing

15. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting Off Robocalls*, FCC, (July 22, 2016, 10:30 AM), https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls [https://archive.is/w2afC] (statement of FCC chairman).

16. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016), https://www.ftc.gov/system/files/documents/advocacy_documents/commentstaff-ftc-bureau-consumer-protection-federal-communications-commission-rulesregulations/160616robocallscomment.pdf.

17. In fiscal year 2017, the FTC received 4,501,967 complaints about robocalls, compared with 3,401,614 in 2016. Fed. Trade Comm'n, *FTC Releases FY 2017 National Do Not Call Registry Data Book and DNC Mini Site* (Dec. 18, 2017), https://www.ftc.gov/news-events/press-releases/2017/12/ftc-releases-fy-2017-national-do-not-call-registry-data-book-dnc [https://archive.is/oPZSW].

18. *The New York Times* recently reported on the skyrocketing number of robocall complaints and widespread outrage about illegal telemarketing. Tara Siegel Bernard, *Yes, It's Bad. Robocalls, and Their Scams, Are Surging*, N.Y. Times (May 6, 2018), https://www.nytimes.com/2018/05/06/your-money/robocalls-rise-illegal.html [https://archive.is/mS9Fb]; *see also* Katherine Bindley, *Why Are There So Many Robocalls? Here's What You Can Do About Them*, Wall St. J. (July 4, 2018, 10:30 PM),

https://www.wsj.com/articles/why-there-are-so-many-robocalls-heres-what-you-can-do-about-them-1530610203 [https://archive.is/V2UYp].

19. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years. *U.S. Endures 4.7 Billion Robocalls in July, According to YouMail Robocall Index*, YouMail (Aug. 6, 2019, 9:00 AM), https://www.prnewswire.com/news-releases/us-endures-4-7-billion-robocalls-in-july-according-to-youmail-robocall-index-300895976.html [https://archive.is/pnU5s].

20. According to online robocall tracking service "YouMail," 5.6 billion robocalls were placed in October 2019 at a rate of approximately 180.6 million per day. *Robocall Index*, YouMail, https://robocallindex.com/ [https://archive.is/fwZD8]. In 2019, YouMail's robocall totals exceeded 58.5 billion. *Historical Robocalls By Time*, YouMail, https://robocallindex.com/history/time [https://archive.is/XWefY].

21. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. *Consumer Complaint Data Center*, FCC, www.fcc.gov/consumer-help-center-data [https://archive.is/wip/ojuBF].

The National Do Not Call Registry

22. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

23. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

24. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers whose numbers are on the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

25. Defendant is in the business of operating and selling, *inter alia*, residential satellite internet services.

26. Defendant relies on telemarketing to solicit potential customers for its internet services.

27. Defendant is not registered as a telemarketer with the Attorney General of Pennsylvania.

28. One of the strategies used by the Defendant involves the use of automated telephone calls and text messages. Defendant sends out these call and message blasts *en masse* to telephone numbers throughout the area, hoping they reach someone interested in purchasing its services.

29. Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

30. Plaintiff has private telephone numbers of (215) 208-XXXX and (215) 947-XXXX.

31. The (215) 208-XXXX number is a cellular telephone number.

32. The Plaintiff is charged for each call placed to the (215) 947-XXXX number.

6

33. The numbers are not associated with any business.

34. The Plaintiff registered the numbers on both the Federal and Pennsylvania State Do-Not-Call registries, was on such registries for more than thirty-one days prior to the calls, and never removed the numbers from these registries.

35. The numbers are used for Mr. Perrong's personal residential use.

36. The Plaintiff did not consent to receive the calls/messages complained of herein to his numbers.

37. Between November 4, 2021 and December 6, 2021, in total, Defendant sent at least 4 calls using an Automatic Telephone Dialing System ("ATDS"), 1 manually dialed marketing call, 6 text messages sent using either an ATDS or pre-programmed means, and 1 manually generated text message to the (215) 208-XXXX number.

38. On November 4, 2021, Defendant placed at least one call using an ATDS to the (215) 947-XXXX number.

39. The Plaintiff also received similar calls identifying Viasat and bearing similar indicia to the calls complained of here (including using the name "Telecommunications") to other numbers, (215) 436-XXXX and (215) 791-6957. The Plaintiff does not presently sue for these calls, but reserves the right to amend the pleading to assert claims for calls to these numbers.

40. The calls and text messages came from various caller IDs, including 215-349-3114, 215-814-6254, 330-892-7837, 215-642-6132, 737-207-9691, 630-908-5485, and 610-931-5807.

41. The initial calls Plaintiff received all stated that the caller was calling from some variation of "Telecommunications." The callers were calling to pitch the Plaintiff on an internet service with a number of benefits and all spoke from the same or similar script.

42. Because of the caller's use of a generic name, Plaintiff knew that it would not be easy, or potentially impossible, to identify the caller without scheduling an installation. Accordingly, Plaintiff scheduled an installation and provided unique information, including credit card number and e-mail address on November 8, 2021.

43. Plaintiff received a charge on his credit card from Viasat shortly after the telephone call from the Defendant.

44. Furthermore, the Plaintiff received emails from the Defendant to the unique e-mail address he provided on the call confirming the installation and providing an account number on November 9, 2021.

45. All the initial calls began with a "balloon popping" sound. This sound is indicative of the ViciDial ATDS and is officially known as the "droplet" sound. It is played automatically as part of a macro when the Asterisk "meetme" application is executed and signifies that a new connection was established between the called party and a call center representative that the called party had not previously spoken to.

46. Additionally, two of the calls that came on November 8, 2021 from the caller ID 737-207-9691, came within seconds of each other and rang the Plaintiff's cell phone simultaneously before the Plaintiff even had the opportunity to answer the first call.

47. As the Supreme Court recently clarified, the key feature of an ATDS is the capacity to store numbers to be called using a random or sequential number generator or to produce numbers to be called using a random or sequential number generator. *Facebook, Inc. v.*

8

*Duguid*, 141 S. Ct. 1163, 1167 (2021). ViciDial is an ATDS because it has the capacity to store numbers both randomly and sequentially.

48. Furthermore, the indicia of the calls indicate that the Defendant used an ATDS because it would be illogical to store numbers or produce numbers in an *en masse*, unpersonalized calling campaign other than randomly or sequentially, such as by a human dialing the number manually. ATDS systems also exhibit strange behavior not typically associated with manually dialed calls, such as placing multiple calls simultaneously and then hanging up. The fact that the calls were not at all personalized, exhibited this strange behavior, and came at random dates and times further supports the inference that the Defendant used an ATDS, such as one which "use[s] a random [or sequential] number generator to determine the order in which to pick phone numbers from a preproduced list." *Id.* at 1171 n.7.

49. The caller ID numbers which were used for the initial calls also were "spoofed" to appear to be random calls from local residents. The caller IDs Plaintiff received the calls from further support the fact that the system Defendant used had the capacity to store or produce telephone numbers to be called randomly therefore renders it an ATDS, as they were manipulated to appear to be calls from local residents. It follows that if the dialer has the capacity to store or produce random numbers to transmit a caller ID, it also has the capacity to store or produce random telephone numbers to be dialed, especially because the equipment needed to manipulate a caller ID to display a random number is far more sophisticated than the equipment needed to place a call to a random telephone number.

50. After the preliminary calls which resulted in an appointment being scheduled and Viasat being affirmatively identified, the Plaintiff requested, in writing, that Defendant place him on its Do-Not-Call list and provide him a copy of its Do-Not-Call policy, on November 9, 2021.

Plaintiff received no response as of the date of filing this complaint, despite having forwarded the correspondences to multiple points of contact in Viasat, including Customer Service, the CEO, CLO, and Audit Committee.

51. Nevertheless, the calls and text messages continued. Plaintiff received 3 text messages and a call to the (215) 208-XXXX number after November 9, 2021.

52. Because Plaintiff asked to be placed on Defendant's Do-Not-Call list and was not, it is evident that Defendant does not maintain such a list. Likewise, based on this fact and the fact that it did not produce one when requested, it is clear that Defendant does not have any Do-Not-Call policies or procedures in place. Based on the nature of its illegal activities, Defendant's noncompliance with the law in this regard is unsurprising.

53. The Plaintiff is ignorant of the exact process by which the system(s) used by the Defendant operate other than drawing the reasonable inference and making the allegation that it was ViciDial and that it stores or produces telephone numbers randomly or sequentially based on the facts ascertainable from the calls he received, as outlined above. Indeed, as at least one district court explained, "The newly clarified definition of an ATDS is more relevant to a summary judgment motion than at the pleading stage. *Gross v. GG Homes, Inc.*, No. 3:21-cv-00271-DMS-BGS, 2021 WL 2863623, at *7 (S.D. Cal. July 8, 2021); *accord Miles v. Medicredit, Inc.*, No. 4:20-cv-01186-JAR, 2021 WL 2949565 (E.D. Mo. July 14, 2021).

54. The Plaintiff never provided his consent or requested these calls.

55. The Plaintiff was charged for the calls to the (215) 947-XXXX number.

56. The communications received by Plaintiff demonstrate that the messages were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods,

or services as they pitched satellite internet services. The messages therefore qualified as telemarketing. *See* 47 C.F.R. § 64.1200(f)(12).

57. Upon information and belief, Defendant pays unknown third parties to perform calling for them. These Defendants were involved in some fashion in placing the illegal calls the Plaintiff received. However, without the benefit of discovery, the specific details and exact technical role they played in the calls the Plaintiff received remain a mystery.

58. Indeed, an FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *In re DISH Network, LLC Declaratory Ruling Petition*, 28 FCC Rcd. 6574, 6592–93 (2013).

59. Plaintiff was harmed by these calls. He was temporarily deprived of legitimate use of his phone because his phone line was tied up during the calls and his privacy was improperly invaded. The Plaintiff was charged for some of the calls. They wasted network resources, bandwidth, power, and battery life. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

<u>Legal Claims</u>

Count One:
**Violation of the TCPA's Prohibition Against Calling Numbers for Which the Called Party is Charged with an Artificial or Prerecorded Voice**

60. By placing at least eleven calls to the Plaintiff using both a ATDS and/or artificial or prerecorded text messages, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

61. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute at least eleven violations of the

TCPA, 47 U.S.C. § 227(b), by making calls, except for emergency purposes, to the telephone line of Plaintiff using an ATDS or using artificial or prerecorded text messages to a cellular telephone number or number for which the called party is charged for the calls.

62. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on its behalf's violations of the TCPA, 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $500 in damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

63. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on its behalf from violating these provisions in 47 U.S.C. § 227(b) in the future.

64. The Defendant's violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation award, as provided in 47 U.S.C. § 227(b)(3)(B).

## Count Two:
### Violation of the Pennsylvania Telemarketer Registration Act
### 73 Pa. Cons. Stat. § 2241

65. By placing at least thirteen telemarketing calls to the Plaintiff without registering as telemarketers under Pennsylvania law, Defendant violated 73 Pa. Cons. Stat. § 2243. Moreover, by failing to identify themselves in the messages, Defendant violated 73 Pa. Cons. Stat. § 2245.1.

66. This constitutes thirteen violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. 73 Pa. Cons. Stat. § 2246(a).

67. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the Pennsylvania Telemarketer Registration Act (PTRA), 73 Pa. Cons. Stat. § 2241, including by making calls to Plaintiff's number, on the Pennsylvania Do-Not-Call registry, without registration.

68. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on its behalf's violations of the PTRA, 73 Pa. Cons. Stat. § 2241, Plaintiff is entitled to an award of $300 in damages for each and every call made to his telephone number in violation of the statute, pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201. *See* 73 Pa. Cons. Stat. § 2246(a).

69. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on its behalf from violating the PTRA in the future.

### Count Three:
### Violation of the TCPA's Implementing Regulations
### Codified at 47 C.F.R. § 64.1200

70. By placing at least thirteen telemarketing calls to the Plaintiff, whose number is on the Do-Not-Call registry, failing to have a written Do-Not-Call policy, and failing to maintain the Plaintiff on its Do-Not-Call list, Defendant, jointly and severally, violated 47 U.S.C. § 227(c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).

71. This amounts to thirty-nine violations since Defendant committed three violations per call. The first violation is calling a number on the national Do-Not-Call registry. 47 C.F.R. § 64.1200(c)(2). The second violation is by calling Plaintiff without having a Do-Not-Call policy

in place. 47 C.F.R. § 64.1200(d)(1). The third violation is by calling Plaintiff without maintaining the Plaintiff on its internal Do-Not-Call list. 47 C.F.R. § 64.1200(d)(6).

72. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute at least thirty-nine violations of the TCPA, 47 U.S.C. § 227(c), codified at 47 C.F.R. § 64.1200, by, *inter alia*, refusing to scrub against the National Do-Not-Call registry, refusing to maintain Mr. Perrong's number on an internal Do-Not-Call list, and failing to have a Do-Not-Call policy.

73. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on its behalf's violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).

74. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on its behalf from violating the TCPA, 47 U.S.C. § 227(c), by making calls in violation of any of the TCPA's implementing regulations in the future.

75. The Defendant's violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation award, as provided in 47 U.S.C. § 227(b)(3)(B).

### Relief Sought

WHEREFORE, Plaintiff requests the following relief:

a. Injunctive relief prohibiting Defendant from calling telephone numbers using an ATDS, making calls using an artificial or prerecorded voice, and/or in violation of the

PTRA, and/or in violation of the TCPA's implementing regulations.

        b.      Because of Defendant's violations of the TCPA's restrictions in 47 U.S.C. § 227(b), Plaintiff Perrong seeks for himself $500 in damages for each violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3).

        c.      Because of Defendant's violations of the PTRA, Plaintiff Perrong seeks for himself $300 in damages for each violation, pursuant to 73 Pa. Cons. Stat. § 201-9.2(a).

        d.      Because of Defendant's violations of the TCPA's implementing regulations, Plaintiff Perrong seeks for himself $500 in damages for each violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(c)(5).

        e.      Such other relief as the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: **December 7, 2021**

                                                           /s/
                                                              Andrew R. Perrong
                                                              *Plaintiff Pro-Se*
                                                   1657 The Fairway #131
                                                    Jenkintown, PA 19046
                                                    Phone: 215-791-6957
                                                Facsimile: 888-329-0305
                                                andyperrong@gmail.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1657 THE FAIRWAY #131, JENKINTOWN, PA 19046__

Address of Defendant: __1209 ORANGE ST., WILMINGTON, DE 19801__

Place of Accident, Incident or Transaction: __BY TELEPHPONE CALL TO MY PRIVATE TELEPHONE__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [•] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __12/07/2021__   _____(signature)_____   **PRO SE**
                      *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✓] All other Federal Question Cases
    *(Please specify):* __TELEPHONE CONSUMER PROTECTION__

**B.  Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __ANDREW R. PERRONG__, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: __12/07/2021__   _____(signature)_____   **PRO SE**
                      *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANDREW R. PERRONG
1657 THE FAIRWAY #131, JENKINTOWN, PA 19046

**(b)** County of Residence of First Listed Plaintiff  **MONTGOMERY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
ANDREW R. PERRONG (PRO SE)
1657 THE FAIRWAY #131, JENKINTOWN, PA 19046

## DEFENDANTS
VIASAT, INC.
1209 ORANGE ST., WILMINGTON, DE 19801

County of Residence of First Listed Defendant  **NEW CASTLE**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [X] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TELEPHONE CONSUMER PROTECTION ACT, 47 USC 227; 47 CFR 64.1200
Brief description of cause:
DEFENDANTS CALLED PLAINTIFF IN VIOLATION OF THE TCPA

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** 78,900
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 12/7/2021
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____