**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW R. PERRONG,<br><br>     Plaintiff,<br><br>        v.<br><br>VIASAT, INC., Defendant/Crossclaimant, and<br>THE R.E.I. NETWORK LLC, D/B/A THE<br>MOST RELIABLE,<br><br>     Defendant and Crossclaim Defendant. | CIVIL ACTION NO.: 2:21-cv-05393-ER |

**<u>VIASAT, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES, AND CROSSCLAIM</u>**

Viasat, Inc. (hereinafter "Viasat"), by and through its attorneys, now answers plaintiff

Andrew R. Perrong's ("Plaintiff" or "Perrong") Amended Complaint, as follows.

Except as expressly admitted or qualified hereafter, Viasat denies each and every

allegation of the Amended Complaint.

**<u>Preliminary Statement</u>**

1.     Answering paragraph 1, Viasat admits that Plaintiff accurately quotes and cites

*Barr v. Am. Ass'n of Pol. Consultants LLC*, 140 S. Ct. 2335, 2343 (2020). To the extent that the

allegations in paragraph 1 are intended to stand for additional propositions, Viasat denies the

allegations.

2.     Answering paragraph 2, Viasat admits that Plaintiff alleges claims based on the

Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Viasat denies that Plaintiff is

entitled to any relief from Viasat. Viasat further states that the TCPA is a federal statute, which

speaks for itself. Viasat denies that it violated the TCPA. Viasat denies any remaining allegations

in paragraph 2 of the Amended Complaint.

3.      Answering paragraph 3, Viasat denies the allegations.

## Parties

4.      Answering paragraph 4, Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

5.      Answering paragraph 5, Viasat admits the allegations.

6.      Answering paragraph 6, Viasat admits the allegations on information and belief.

7.      Answering paragraph 7, Viasat denies the allegations.

## Jurisdiction & Venue

8.      Answering paragraph 8, Viasat admits that this Court has federal question subject matter jurisdiction over Plaintiff's alleged TCPA claims but believes that Plaintiff does not have standing to bring this suit under Article III of the U.S. Constitution. Viasat denies any remaining allegations in paragraph 8 of the Amended Complaint.

9.      Answering paragraph 9, Viasat admits that venue in this Court is proper. Because Viasat does not know the definition of "automated calls," or if Plaintiff intends to refer to an unidentified statute or law for the definition of "automated calls," Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies them.

## The Telephone Consumer Protection Act

10.      Answering paragraph 10, the allegations call for a legal conclusion that requires no response. To the extent that a response is required, Viasat admits that Plaintiff cites and refers to a portion of the TCPA, the contents of which speak for itself. To the extent that the allegations in paragraph 10 are intended to stand for additional or inconsistent propositions, Viasat denies the allegations. Viasat further denies it violated the TCPA.

11.     Answering paragraph 11, Viasat admits that Plaintiff accurately quotes and cites a portion of the TCPA. To the extent that the allegations in paragraph 11 are intended to stand for additional or inconsistent propositions, Viasat denies the allegations. Viasat further denies that it violated the TCPA.

12.     Answering paragraph 12, the allegations call for a legal conclusion that requires no response. To the extent that a response is required, Viasat admits that Plaintiff cites and refers to *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2363 (2020), which speaks for itself. To the extent that the allegations in paragraph 12 are intended to stand for additional or inconsistent propositions, Viasat denies the allegations. Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff owns a VoIP service and therefore denies the allegations. Viasat denies any remaining allegations in paragraph 12 of the Amended Complaint.

13.     Answering paragraph 13, the allegations call for a legal conclusion that requires no response. To the extent that a response is required, because Viasat does not know if Plaintiff intends to refer to an unidentified statute, law or document, Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.

14.     Answering paragraph 14, the allegations call for a legal conclusion that requires no response. To the extent that a response is required, Plaintiff cites and refers to a portion of the TCPA, the contents of which speak for itself. To the extent that the allegations in paragraph 14 are intended to stand for additional or inconsistent propositions, Viasat denies the allegations.

15.     Answering paragraph 15, the allegations call for a legal conclusion that requires no response. To the extent that a response is required, Viasat admits that the allegations cite and

refer to *Perrong v. Victory Phones LLC*, No. 20-5317 (E.D. Pa. July 15, 2021), which speaks for itself. To the extent that the allegations in paragraph 15 are intended to stand for additional or inconsistent propositions, Viasat denies the allegations. Viasat denies the remaining allegations in paragraph 15 of the Amended Complaint.

16.     Answering paragraph 16, Viasat admits that Plaintiff accurately quotes the cited document. Viasat lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in the cited document and therefore denies the allegations in paragraph 16 of the Amended Complaint.

17.     Answering paragraph 17, Viasat admits that Plaintiff accurately quotes the cited document. Viasat lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in the cited document and therefore denies the allegations in paragraph 17 of the Amended Complaint.

18.     Answering paragraph 18, Viasat admits that the allegations cite and refer to a document. Viasat lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in the cited document and therefore denies the allegations in paragraph 18 of the Amended Complaint.

19.     Answering paragraph 19, Viasat admits that the allegations cite and refer to documents. Viasat lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in the cited document and therefore denies the allegations in paragraph 19 of the Amended Complaint.

20.     Answering paragraph 20, Viasat admits that the allegations cite and refer to a document. Viasat lacks knowledge or information sufficient to form a belief as to the truth of the

statements contained in the cited document and therefore denies the allegations in paragraph 20 of the Amended Complaint.

21.     Answering paragraph 21, Viasat admits that the allegations cite and refer to documents. Viasat lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in the cited documents and therefore denies the allegations in paragraph 21 of the Amended Complaint.

22.     Answering paragraph 22, Viasat admits that the allegations cite and refer to a document. Viasat lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in the cited document and therefore denies the allegations in paragraph 22 of the Amended Complaint.

23.     Answering paragraph 23, the allegations call for a legal conclusion that requires no response. To the extent that a response is required, Viasat admits that the allegations cite and refer to a regulation, which speaks for itself. To the extent that the allegations in paragraph 23 are intended to stand for additional or inconsistent propositions, Viasat denies the allegations.

24.     Answering paragraph 24, Viasat admits Plaintiff accurately quotes a portion of the cited regulation. To the extent that the allegations in paragraph 24 are intended to stand for additional or inconsistent propositions, Viasat denies the allegations.

25.     Answering paragraph 25, the allegations call for a legal conclusion that requires no response. To the extent that a response is required, Viasat admits that the allegations cite and refer to statutes, which speak for themselves. To the extent that the allegations in paragraph 25 are intended to stand for additional or inconsistent propositions, Viasat denies the allegations.

**Factual Allegations**

26.     Answering paragraph 26, Viasat admits the allegations.

5

27.     Answering paragraph 27, Viasat denies the allegations.

28.     Answering paragraph 28, Viasat admits the allegations on information and belief.

29.     Answering paragraph 29, Viasat admits the allegations on information and belief.

30.     Answering paragraph 30, Viasat denies the allegations.

31.     Answering paragraph 31, Viasat denies the allegations.

32.     Answering paragraph 32, Viasat admits the allegation that it is not a registered telemarketer with the Attorney General of Pennsylvania.  Viasat denies it has committed any wrongdoing and denies it violated the law.  Because the remaining allegations in paragraph 32 concern another defendant, Viasat lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

33.     Because the allegations concern another defendant, Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies them.

34.     Answering paragraph 34, Viasat admits the allegations on information and belief.

35.     Answering paragraph 35, Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

36.     Answering paragraph 36, Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

37.     Answering paragraph 37, Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

38.     Answering paragraph 38, Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

39.     Answering paragraph 39, Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

40.     Answering paragraph 40, Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

41.     Answering paragraph 41, Viasat denies the allegations.

42.     Answering paragraph 42, Viasat denies the allegations.

43.     Answering paragraph 43, Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

44.     Answering paragraph 44, Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to what telephone numbers may have appeared on Plaintiff's caller identification and therefore denies the allegations.

45.     Answering paragraph 45, Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to what Plaintiff may have heard when he answered calls and therefore denies the allegations.

46.     Answering paragraph 46, Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to what Plaintiff may have heard when he answered calls, or what Plaintiff believed, and therefore denies the allegations. Viasat admits that Plaintiff scheduled an installation, provided unique information, including a credit card number, e-mail address, and confirmed the telephone number 215-208-XXXX, on or about November 8, 2021.

47.     Answering paragraph 47, Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

48.     Answering paragraph 48, Viasat denies the allegations.

49.     Answering paragraph 49, Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

50.     Answering paragraph 50, Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

51.     Answering paragraph 51, Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

52.     Answering paragraph 52, the allegations call for a legal conclusion that requires no response. To the extent that a response is required, Viasat admits that Plaintiff cites and refers to *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021), which speaks for itself. To the extent that the allegations in paragraph 47 are intended to stand for additional or inconsistent propositions, Viasat denies the allegations. Viasat lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the allegations.

53.     Answering paragraph 53, the allegations call for a legal conclusion that requires no response. To the extent that a response is required, Viasat admits that Plaintiff cites and refers to *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1171 n.7, which speaks for itself. To the extent that the allegations in paragraph 53 are intended to stand for additional or inconsistent propositions, Viasat denies the allegations.

54.     Answering paragraph 54, Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to what numbers may have appeared on Plaintiff's caller identifications and therefore denies the allegations. Viasat denies the remaining allegations in paragraph 54 of the Amended Complaint.

55.     Answering paragraph 55, Viasat states that Plaintiff's November 9, 2021 email speaks for itself. To the extent that the allegations in paragraph 55 are intended to stand for

additional or inconsistent propositions, Viasat denies the allegations. Viasat admits that Plaintiff

called to schedule an appointment. Viasat continues to research the truth of the allegations as to

which parties Plaintiff forwarded correspondence and therefore currently denies the allegations.

Viasat denies any remaining allegations in paragraph 55.

56.     Answering paragraph 56, Viasat states that Plaintiff did communicate with Colin

Ward regarding an extension. To the extent that the allegations in paragraph 56 are intended to

stand for additional or inconsistent propositions, Viasat denies the allegations.

57.     Answering paragraph 57, Viasat denies the allegations.

58.     Answering paragraph 58, Viasat denies the allegations. Viasat further denies it

has violated the TCPA or is otherwise in "noncompliance with the law."

59.     Answering paragraph 59, the allegations call for a legal conclusion that requires

no response. To the extent that a response is required, Viasat admits that Plaintiff cites and refers

to *Gross v. GG Homes, Inc.*, No. 3:21-cv-00271-DMS-BGS, 2021 WL 2863623, at *7 (S.D. Cal.

July 8, 2021) and *Miles v. Medicredit, Inc.*, No. 4:20-cv-01186-JAR, 2021 WL 2949565 (E.D.

Mo. July 14, 2021), which speak for themselves. To the extent that the allegations in paragraph

59 are intended to stand for additional or inconsistent propositions, Viasat denies the allegations.

Viasat denies the remaining allegations in paragraph 59 of the Amended Complaint.

60.     Answering paragraph 60, Viasat denies the allegations.

61.     Answering paragraph 61, Viasat lacks knowledge or information sufficient to

form a belief as to the truth of the allegations and therefore denies them.

62.     Answering paragraph 62, Viasat lacks knowledge or information sufficient to

form a belief as to the truth of the allegations and therefore denies them.

63.     Answering paragraph 63, Viasat admits that Plaintiff accurately quotes the cited document. Viasat lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in the cited document and therefore denies the allegations in paragraph 63 of the Amended Complaint.

64.     Answering paragraph 64, because Viasat does not know if Plaintiff intends to refer to an unidentified statute, law or document, Viasat lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in the cited document and therefore denies the allegations in paragraph 64 of the Amended Complaint.

65.     Answering paragraph 65, Viasat admits that Plaintiff accurately quotes the cited document. Viasat lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in the cited document and therefore denies the allegations in paragraph 65 of the Amended Complaint.

66.     Answering paragraph 66, Viasat admits that the allegations cite and refer to a document. Viasat lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in the cited document and therefore denies the allegations in paragraph 66 of the Amended Complaint.

67.     Answering paragraph 67, Viasat admits that the allegations cite and refer to a document. Viasat lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in the cited document and therefore denies the allegations in paragraph 67 of the Amended Complaint.

68.     Answering paragraph 68, Viasat admits that Plaintiff accurately quotes the cited document. Viasat lacks knowledge or information sufficient to form a belief as to the truth of the

statements contained in the cited document and therefore denies the allegations in paragraph 68 of the Amended Complaint.

69.     Answering paragraph 69, Viasat denies the allegations.

70.     Answering paragraph 70, Viasat denies the allegations.

71.     Answering paragraph 71, the allegations call for a legal conclusion that requires no response. To the extent that a response is required, Viasat denies the allegations.

72.     Answering paragraph 72, the allegations call for a legal conclusion that requires no response. To the extent that a response is required, Viasat denies the allegations.

73.     Answering paragraph 73, Viasat denies the allegations.

74.     Answering paragraph 74, Viasat denies the allegations.

75.     Answering paragraph 75, Viasat denies the allegations.

76.     Answering paragraph 76, Viasat denies the allegations.

77.     Answering paragraph 77, Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

78.     Answering paragraph 78, Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff was charged for some calls and therefore denies the allegations.  Viasat denies the remaining allegations in paragraph 78 of the Amended Complaint.

## Legal Claims

### Count One:
### Violation of the TCPA's Prohibition Against Calling Numbers for Which the Called Party is Charged with an Artificial or Prerecorded Voice

79.     Answering paragraph 79, Viasat denies the allegations.

80.     Answering paragraph 80, Viasat denies the allegations.

11

81.     Answering paragraph 81, Viasat denies the allegations. Viasat further denies that Plaintiff is entitled to any judgment, damages, relief and/or award.

82.     Answering paragraph 82, Viasat denies the allegations. Viasat further denies that Plaintiff is entitled to any judgment, damages, relief and/or award.

83.     Answering paragraph 83, Viasat denies the allegations. Viasat further denies that Plaintiff is entitled to any judgment, damages, relief and/or award.

**Count Two:**
**Violation of the Pennsylvania Telemarketer Registration Act**
**73 Pa. Cons. Stat. § 2241**

84.     Answering paragraph 84, Viasat denies the allegations.

85.     Answering paragraph 85, Viasat denies the allegations.

86.     Answering paragraph 86, Viasat denies the allegations.

87.     Answering paragraph 87, Viasat denies the allegations. Viasat further denies that Plaintiff is entitled to any judgment, damages, relief and/or award.

88.     Answering paragraph 88, Viasat denies the allegations. Viasat further denies that Plaintiff is entitled to any judgment, damages, relief and/or award.

**Count Three:**
**Violation of the TCPA's Implementing Regulations**
**Codified at 47 C.F.R. § 64.1200**

89.     Answering paragraph 89, Viasat denies the allegations.

90.     Answering paragraph 90, Viasat denies the allegations.

91.     Answering paragraph 91, Viasat denies the allegations.

92.     Answering paragraph 92, Viasat denies the allegations. Viasat further denies that Plaintiff is entitled to any judgment, damages, relief and/or award.

93.    Answering paragraph 93, Viasat denies the allegations. Viasat further denies that Plaintiff is entitled to any judgment, damages, relief and/or award.

94.    Answering paragraph 94, Viasat denies the allegations. Viasat further denies that Plaintiff is entitled to any judgment, damages, relief and/or award.

### Relief Sought

Viasat denies the allegations under the Relief Sought section of the Amended Complaint including each of its subparts a. through e. Viasat further denies that Plaintiff is entitled to any judgment, damages, relief and/or award sought under the Relief Sought section of the Amended Complaint, including each of its subparts a. through e.

### Request for Jury Trial

Viasat admits that Plaintiff requests a jury trial, but denies that Plaintiff is entitled to a jury trial.

### <u>AFFIRMATIVE DEFENSES</u>

For its affirmative defenses, Viasat states the following:

### First Affirmative Defense: Consent

1.    The TCPA does not prohibit calls to cellular telephones made using an automatic telephone dialing system when the called party has given his or her prior express consent. To the extent that Plaintiff provided prior express consent to receive some or all of the calls at issue, the claims are barred.

### Second Affirmative Defense:  Constitutionality of Statutory Damages

2.    The TCPA provides for statutory damages of $500 to $1,500 for each violation of the law. When directed at calls, statutory damages under the TCPA can quickly rise to millions of dollars for alleged actions that cause little or no actual damage to Plaintiff or other called

individuals and such a calculation would be excessive, improper, and unreasonable. Statutory damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution.

### Third Affirmative Defense: Lack of Standing

3.      To establish standing under Article III of the U.S. Constitution, Plaintiff must show a concrete and particularized invasion of a legally protected interest. Plaintiff is a "professional plaintiff" who seeks out alleged TCPA violations for his personal profit. To the extent that Plaintiff has not paid money, lost title to goods of value, or suffered any other concrete or particularized harm as a result of the conduct alleged, Plaintiff lacks standing to bring this suit under Article III of the U.S. Constitution.

### Fourth Affirmative Defense: Lack of Damages

4.      To the extent Plaintiff has not paid money, lost title to goods of value, or suffered any cognizable nonpecuniary harm as a result of the conduct alleged, Plaintiff has suffered no actual damages and cannot recover any damages in this action.

### Fifth Affirmative Defense: No Proximate Cause

5.      To the extent Plaintiff has sustained damage, which Viasat denies, any damage sustained was proximately caused by the acts or omissions of other persons, firms, or corporations over which Viasat has no control.

### Sixth Affirmative Defense: Unclean Hands

6.      Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto* because, on information and belief, Plaintiff invited the calls on which he now seeks liability.

**Reservation of Rights**

7.      Viasat expressly reserves the right to assert other affirmative defenses as may be appropriate as this action proceeds.

WHEREFORE, Viasat respectfully requests that the Court:

    a.    Dismiss all of Plaintiff's claims against Viasat with prejudice and on the merits;

    b.    Award Viasat all costs, disbursements, and reasonable attorney fees allowed by law; and

    c.    Grant Viasat any such further relief to which it may be entitled.

## VIASAT INC.'S CROSSCLAIM AGAINST DEFENDANT THE R.E.I. NETWORK LLC, D/B/A THE MOST RELIABLE

Viasat alleges the following for its Crossclaim against Defendant The R.E.I. Network LLC, doing business as The Most Reliable (hereinafter "The Most Reliable"):

1.      Plaintiff Andrew Perrong has alleged that he is a Pennsylvania resident, residing in the Eastern District of Pennsylvania.

2.      Defendant Viasat is a Delaware corporation headquartered in California.

3.      Upon information and belief, Defendant The Most Reliable is a Florida limited liability company with an address at 1242 Dunbridge St., Apopka, FL 32703. The Most Reliable signed a retailer agreement, including an indemnification clause, with Viasat.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over the crossclaims because those claims involve apportionment of liability, if any, of Plaintiffs' TCPA claim—a federal statute over which this Court has federal question jurisdiction. 28 U.S.C. § 1331. This Court also has subject matter

jurisdiction over Viasat's claims under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, based on Plaintiff's stated position that Viasat's "potential maximum liability under the TCPA" is $78,900, and is between citizens of different states.  Further, this Court has supplemental jurisdiction over the crossclaims pursuant to 28 U.S.C. § 1367, because they are so related to Plaintiff's claims that they form part of the same case or controversy.

5.      Viasat incorporates, without admitting, Perrong's allegations regarding venue in paragraph 8 of his Complaint. *See* ECF. No. 1.

## **BACKGROUND**

6.      The Most Reliable and Viasat are parties to a Retailer Agreement (the "Retailer Agreement"), dated April 8, 2020.

7.      Under the Retailer Agreement, The Most Reliable agreed to market and solicit orders for Viasat services. The Retailer Agreement also provides that the retailer (The Most Reliable) may "utilize a Sales Agent to promote and sell the Viasat Services, provided that the Sales Agent's authority is limited to acting on behalf of the Retailer and in accordance with this Agreement."

8.      The Retailer Agreement provides (emphasis added):

> **Retailer Conduct**. Retailer shall: (i) conduct its business in a manner that reflects favorably at all times on the Viasat Services and the good name, good will and reputation of Viasat; (ii) not engage in deceptive, misleading or unethical practices that are or might be detrimental to Viasat; (iii) make no representations, warranties or guarantees as to the Viasat Services, the CPE or the Wireless Equipment that are inconsistent with the sales materials distributed by Viasat; (iv) ***comply with all Laws***; (v) ***not make or cause to be made unsolicited telemarketing calls, faxes, or text messages for or in any way related to the Viasat Services***; and (vi) not induce or attempt to induce any Subscriber to breach the agreement under which it receives Viasat Services. Retailer shall not condition, tie or otherwise bundle any purchase of a Package with the purchase of any other products and services, other than as specifically agreed to in writing by Viasat in advance.

9.      The Retailer Agreement defines Laws as "all applicable laws, rules, regulations, statutes, orders and ordinances of all Governmental Authorities."

10.     The Retailer Agreement provides that the Retailer "shall ensure that Sales Agents strictly comply with all obligations relating to Sales Agents in Viasat's marketing policies, rules and guidelines".

11.     Upon information and belief, the calls made to Plaintiff—if made at all—were made by or on behalf of The Most Reliable.

12.     Viasat did not make the calls to Plaintiff.

13.     Viasat does not conduct the type of call campaigns described in Plaintiff's Complaint and does not make telemarketing calls for sale of its products.

14.     Viasat did not advise or direct The Most Reliable to make telemarketing calls to customers or potential customers.

15.     As part of the Retailer Agreement, The Most Reliable expressly agreed to "indemnify, defend and hold Viasat . . . harmless from and against any and all Losses that arise out of, or are incurred in connection with third party claims resulting from (i) acts or omissions committed or alleged to have been committed by [The Most Reliable] or any employee, agent (including Sales Agents), subcontractor or other representative of [The Most Reliable], . . ."

16.     The Retailer Agreement also provides that "Retailer shall be responsible and liable for its Sales Agents' acts and omissions in connection with Viasat Services."

17.     Viasat is asserting its breach of contract, indemnity, and contribution claims against The Most Reliable in a separate crossclaim.

**COUNT ONE: BREACH OF CONTRACT**

17

18.     Viasat incorporates by reference the preceding paragraphs of this crossclaim  as though set forth here in their entirety.

19.     The Most Reliable is contractually obligated to conduct its solicitation of orders in accordance with the law.

20.     Viasat has a contractual expectation and right to such compliance by The Most Reliable.

21.     Viasat has a contractual expectation and right to be free from any liability to persons who received telephone calls by or on behalf of The Most Reliable based on The Most Reliable's failure to comply with the law with respect to their solicitation.

22.     To the extent calls were made by or on behalf of The Most Reliable to Perrong or others in violation of the TCPA, The Most Reliable has breached its contractual obligations to Viasat, including but not limited to the obligation to conduct the calling and solicitation in compliance with the law.

23.     To the extent Perrong alleges that Viasat violated the law, including the TCPA, through the acts of The Most Reliable, Viasat is entitled to a defense of such allegations by The Most Reliable, and The Most Reliable has breached its contractual obligations to Viasat by not assuming Viasat's defense.

24.     To the extent Viasat is held liable for calls made by or on behalf of The Most Reliable to Plaintiff, such liability will directly result from The Most Reliable's breaches of contract.

25.     To the extent Viasat is held liable for calls made by or on behalf of The Most Reliable to Plaintiff, The Most Reliable is liable to Viasat for that portion of Plaintiff's recovery.

26.     To the extent Viasat is held liable for calls made by or on behalf of The Most Reliable to Plaintiff, the attorney fees and other litigation expenses that Viasat may incur in defense of such claims also will directly result from The Most Reliable's breaches of contract.

27.     To the extent Viasat is held liable for calls made by or on behalf of The Most Reliable to Plaintiff, The Most Reliable is liable to Viasat for the attorney fees and other litigation expenses that Viasat may incur in defense of claims based on those calls.

## COUNT TWO: CONTRACTUAL INDEMNITY

28.     Viasat incorporates by reference the preceding paragraphs of this crossclaim as though set forth here in their entirety.

29.     The Retailer Agreement contractually obligates The Most Reliable to indemnify Viasat against any and all losses arising out of "acts or omissions committed or alleged to have been committed by [The Most Reliable] or any employee, agent (including Sales Agents), subcontractor or other representative of [The Most Reliable]".

30.     To the extent Perrong alleges that Viasat violated the law, including the TCPA, through the acts of The Most Reliable, Viasat is entitled to a defense of such allegations by The Most Reliable, and The Most Reliable has breached its contractual obligations to Viasat by not assuming Viasat's defense.

31.     To the extent Viasat is held liable to Plaintiff based on calls made by or on behalf of The Most Reliable, then The Most Reliable has a contractual obligation to indemnify Viasat for any losses arising out of those alleged violations.

## COUNT THREE: EQUITABLE INDEMNITY

32.     Viasat incorporates by reference the preceding paragraphs of this crossclaim as though set forth here in their entirety.

33.     Viasat did not make the calls about which Plaintiff complains in the Amended Complaint.

34.     Those calls, if any, were made by or on behalf of The Most Reliable.

35.     Viasat did not direct or approve that such calls be made and had no knowledge that The Most Reliable were making such calls; if the TCPA was violated, Viasat had no knowledge of, and did not join in, any such violations.

36.     To the extent Viasat is held liable to Plaintiff based on calls made by or on behalf of The Most Reliable in violation of the TCPA, equity demands that such liability be borne by The Most Reliable.

**COUNT FOUR: CONTRIBUTION**

37.     Viasat incorporates by reference the preceding paragraphs of this crossclaim as though set forth here in their entirety.

38.     In the alternative to Viasat's claims for indemnification, The Most Reliable at least will be liable to Viasat for contribution if Viasat is held liable to Plaintiff based on calls allegedly made in violation of the TCPA by The Most Reliable.

39.     To the extent that any purported negligence by Viasat caused Plaintiff to be called by The Most Reliable in violation of the TCPA, then The Most Reliable's greater negligence also caused such violations.

40.     To the extent any purported negligence by Viasat results in Viasat being liable to Plaintiff based on the calls made by or on behalf of The Most Reliable, then The Most Reliable, as a joint tortfeasor, will owe common liability to Plaintiff for the same alleged damages caused by those calls.

41.     Viasat will bear an unequal and unfair portion of the common burden if judgment is entered against it for any purported liability owed to Plaintiff based on calls made by or on behalf of The Most Reliable.

42.      In the alternative to Viasat's claims for indemnification, Viasat at least will be entitled to recover from The Most Reliable in proportion to The Most Reliable's share of the comparative fault if Viasat is held liable to Plaintiff based on calls made by The Most Reliable.

**WHEREFORE**, Viasat seeks:

    a.  Judgment against The Most Reliable in the amount of any liability that Plaintiff might recover against Viasat, based on calls made by or on behalf of The Most Reliable.

    b.  In the alternative, judgment against The Most Reliable in the amount of its proportionate share of any liability that Plaintiff might recover against Viasat based on calls made by or on behalf of The Most Reliable.

    c.  An order awarding Viasat attorney fees and costs as allowed by law.

    d.  An order awarding Viasat its attorney fees and costs as allowed under the Retailer Agreement.

    e.  All other relief that the Court deems just, proper, and equitable.

Dated: June 21, 2022

/s/  *Meaghan V. Geatens*
Meaghan V. Geatens (PA ID 329069)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
T: 1 + (215) 988-2700
F: 1 + (215) 988-2757
Meaghan.Geatens@faegredrinker.com

and

Nathan A. Brennaman (MN ID 0331776) (admitted *pro hac vice*)
Erin L. McCann (MN ID 0387835) (*pro hac vice motion forthcoming*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
T: 1 + (612) 766-7000
F: 1 + (612) 766-1600
Nate.Brennaman@faegredrinker.com
Erin.McCann@faegredrinker.com

*Attorneys for Defendant Viasat, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 21, 2022, I filed a copy of the foregoing via the

Court's CM/ECF system, which will electronically notify all counsel of record and the Plaintiff

(*see* ECF No. 4).

/s/ *Meaghan V. Geatens*
Meaghan V. Geatens (PA ID 329069)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
T: 1 + (215) 988-2700
F: 1 + (215) 988-2757
Meaghan.Geatens@faegredrinker.com

*Attorney for Defendant Viasat, Inc.*

US.350478612.03